[Civ. No. 14638.   Second Dist., Div. One.   June 29, 1945.]

FREEMAN A. McKENZIE, Appellant, v. DEPARTMENT
OF MOTOR VEHICLES et al., Respondents.

Joseph A. Ball and Kenneth Sperry for Appellant.

Robert W. Kenny, Attorney General, and Frank Richards,
Deputy Attorney General, for Respondents.

DORAN, J.—This is an appeal from a judgment of the superior court denying appellant's petition for a writ of mandate.

Respondents' brief under the heading, "Statement of the Case," recites the facts as follows: "The court below denied the verified petition for a writ of mandate to compel respondents to refund to petitioner the sum of $351.58 collected as registration fees by respondents for the registration of certain vehicles for the year 1942. Petitioner appealed from this judgment in favor of respondents. The appeal is submitted upon a settled statement in lieu of either a clerk's or reporter's transcript. From such record on appeal it appears that the California Shipbuilding Corporation issued a purchase order for some trucks to be registered in the name of the United States Maritime Commission as the legal registered owner thereof, the license and registration to be at cost; that petitioner is engaged in the automobile business in Long Beach; that on or about the 16th day of February, 1942, an employee of petitioner presented to the Department of Motor Vehicles, Long Beach Branch, several obsolete application forms for exempt registration of certain vehicles to be registered in the name of the United States Maritime Commission; that the Department of Motor Vehicles refused to accept the obsolete forms and supplied petitioner's employee with proper forms and advised him that in addition to these forms being properly filled out, it would be necessary to present a regular report of sale for each of the vehicles; that on or about the 17th day of February, 1942, a clerk in the employ of petitioner prepared said reports of sale, applications for nonexempt registration and calculated the fees due on each vehicle and prepared a check for said fees in the amount of $351.58, which she presented to petitioner for his signature and which he signed, and also prepared applications for exempt registration; that she delivered all of said papers and documents to another employee of petitioner for presentation to the Long Beach Branch office of the Department of Motor Vehicles; that the employee of petitioner who prepared said applications did not know the difference between exempt and nonexempt registration, for the making out of registration applications was not one of her regular duties, but she did so on this occasion because other clerks of petitioner were busy and she understood the sale in question was a rush order; that the employee who presented the applications to the Department of Motor Vehicles was an errand or messenger boy and had worked for petitioner for only a short time and was inexperi-

enced in the matter of applying for the registration of motor vehicles; that on or about the 17th day of February, 1942, said petitioner's errand or messenger boy again appeared at the office of the Department of Motor Vehicles, Long Beach Branch, and presented fourteen reports of sale of Ford trucks to the United States Maritime Commission, and to each of the reports of sale there was attached an application for nonexempt registration of the vehicle, properly filled out and executed, in the name of the United States Maritime Commission; that at said time there was also presented a check in the sum of $351.58 signed by petitioner and which was the correct amount for nonexempt registration of the said fourteen trucks; that at said time there was also presented fourteen applications for exempt registration of said trucks properly filled out and executed in the name of the United States Maritime Commission; that at said time said employee of petitioner was advised by a clerk in the office of said Department of Motor Vehicles that she understood these fourteen vehicles were to be registered as exempt vehicles, in which case no fee was necessary; that said employee of petitioner then and there stated that the applicant did not desire exempt registration for said vehicles but desired the regular nonexempt registration thereof; that said employee of petitioner insisted upon paying the $351.58 as fees for such nonexempt registration and demanded the immediate issuance and delivery to him of the regular license plates for such trucks; that pursuant to such demand, said clerk of said Department of Motor Vehicles accepted said reports of sale and applications for nonexempt registration and calculated the regular fees due thereon, which amounted to the sum of $351.58; that said clerk of said Department of Motor Vehicles then transmitted said documents to the cashier in said office of said Department of Motor Vehicles who accepted said check in the sum of $351.58 and delivered to petitioner's employee Emergency Permits, of the pasteboard type, for such vehicles; that metal plates were mailed from Sacramento in due course for such trucks; that petitioner billed the California Shipbuilding Corporation for said sum of $351.58 and received payment therefor; that about ten days after the issuance of the pasteboard type of plates for said vehicles the sales manager for petitioner telephoned to the said Department of Motor Vehicles at Long Beach and stated that a mistake had been made in securing regular instead of exempt registration of said trucks; that the California

Shipbuilding Corporation filed a claim with the Department of Motor Vehicles for a refund of said $351.58 and said claim was rejected; that the said metal plates were returned to the Department of Motor Vehicles and applications were filed for exempt registration of said vehicles; that pursuant to said applications the vehicles were registered and exempt plates were thereafter issued to the United States Maritime Commission, that petitioner reimbursed the California Shipbuilding Corporation in the sum of $351.58 for such fees; that the California Shipbuilding Corporation thereupon assigned its interest therein to petitioner; that on or about the 9th day of July, 1942, petitioner filed a claim for refund of said fees with the Department of Motor Vehicles and said claim was rejected.''

The arguments of appellant and respondents respectively are presented briefly by respondents as follows, again quoting from respondents' brief: ''In his brief on appeal petitioner states that the trial court took the view that, under section 383 of the Vehicle Code, refunds were permissible only where the collection or payment was due solely to an error or mistake upon the part of the Department of Motor Vehicles and that such payment and collection in the case at bar were due to an error on the part of petitioner rather than the respondents. He argues that section 383 of the Vehicle Code should be construed as requiring the Department to refund registration fees collected by it regardless of whether the error was committed by the person paying the fees or by the department in cases where fees are not required to be paid under the provisions of said code.

''The portion of section 383 of the Vehicle Code applicable here is subdivision (b), which at the time of the payment of the fees herein read as follows:

'' 'Whenever the Department *through error collects any fee not required to be paid hereunder the same* shall be refunded to the person paying the same upon application therefor made within six months after the date of such payment.'

''Section 374 of the Vehicle Code provides that registration fees specified in the code, except fees for duplicate license plates, certificates or cards, need not be paid for any vehicle of a type subject to registration owned by the United States, etc.

''The United States Maritime Commission is an agency of the United States, the members thereof being appointed by the President by and with the advice and consent of the Senate.

(46 U.S.C.A., Sec. 1111.) Therefore, if the fourteen trucks hereinbefore mentioned were owned by the United States Maritime Commission at the time applications were presented to the Department of Motor Vehicles for their registration, then no fee for such registration was required. This much is clear because when proper applications were finally presented to the Department of Motor Vehicles for exempt registrations of these vehicles, exempt plates were issued to the United States Maritime Commission." Appellant however, insists that "the collection of any registration fee for the registration of vehicles which are owned by and registered in the name of a governmental agency, and therefore entitled to registration without the payment of any fee, constitutes an error on the part of the Department." And that "The circumstance which gives rise to right to a refund is an erroneous collection by the Department of fees not required to be paid."

It is respondents' position that license fees fixed by the vehicle code are "taxes" and that taxes voluntarily paid may not be recovered by the taxpayer in the absence of a statute permitting a refund thereof.

From the foregoing it will be seen that respondents stand on the proposition that the mistake was appellant's and not respondents' hence, no authority exists for the repayment of the sum involved.

That appellant's payment of the license fee was an error, there can be no question. But, it does not follow logically that respondents' act in receiving and accepting the fee was any the less an error. In the circumstances, what appellant did is of no help in determining the validity of respondents' act. The receipt and collection of the fee by the Motor Vehicle Department was either an error or it was not an error and, so far as that question is concerned, the conduct of appellant is immaterial. Respondents concede that it was not entitled to the fee. If receiving and collecting a fee to which the department is not entitled under the law, is not an error within the meaning of section 383 of the Vehicle Code, then it would be difficult indeed to determine just what such provision contemplates. The Vehicle Code specifically provides for certain fees that may be collected but, there is no provision authorizing the collection of fees by mistake. Appellant was not required to pay the fee in question and it was an "error" of the Vehicle Department to collect it hence, under the provisions

of section 383 of the Vehicle Code, "the same shall be refunded."

Appellant was entitled to the writ applied for; the judgment is therefore reversed; and, there being no controversy as to the facts, the trial court is directed to issue such writ.

York, P. J., and Drapeau, J. pro tem., concurred.